IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SUSAN L. VAUGHAN                                                                                           PLAINTIFF

V.                                                                         CAUSE NO. 3:14-CV-979-CWR-FKB

ANDERSON REGIONAL MEDICAL                                                                      DEFENDANT
CENTER

**ORDER**

Before the Court is Defendant's *Motion to Dismiss Plaintiff's Claims For Damages Not Recoverable Under the Age Discrimination In Employment Act*. Docket No. 3. Plaintiff has responded. Docket No. 6. Defendant has replied. Docket No. 9. In addition, the Court held a hearing on said motion. Having reviewed the parties' arguments and supporting authorities, the Court finds that the motion should be granted.

The question is whether compensatory and punitive damages are available for a claim of retaliation brought under the Age Discrimination in Employment Act (ADEA).[1] The Fifth Circuit, by whose rulings this Court is bound, has answered that question in the negative, holding that "[N]either [compensatory] damages nor punitive damages are recoverable in private actions posited upon the ADEA." *Dean v. American Sec. Ins. Co.*, 559 F.2d 1036, 1040 (5th Cir. 1977); *See also Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 491 (5th Cir. 2007) (stating that damages are not meant to be punitive in ADEA cases).

Plaintiff urges the Court to consider that other circuits have addressed whether compensatory and punitive damages are available for *retaliation* claims under the ADEA. Federal appellate courts to have considered the issue are split on whether the incorporation of the Fair Labor Standard Act's (FLSA) § 216(b) into the ADEA authorized compensatory and

---

[1] Plaintiff alleged both age discrimination and retaliation claims, the former to which she conceded she cannot recover compensatory or punitive damages.

punitive damages in retaliation cases.[2]  The split revolves around the use of the term "legal relief" in § 216(b) and whether it is understood to include such damages.  *Compare Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 283 (7th Cir. 1993) (concluding that the ADEA's incorporation of the FLSA's § 216(b) authorized compensatory and punitive damages in retaliation cases), and *Travis v. Gary Cmty. Health Ctr.*, 921 F.2d at 111–12 (7th Cir. 1990) (concluding that punitive damages are available in FLSA retaliation claims), *with Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928, 933-35 (11th Cir. 2000) (concluding that punitive damages are not available in FLSA retaliation claims).[3]

The Equal Employment Opportunity Commission's enforcement guidance comes down on the side of the Seventh Circuit's reasoning, advising that compensatory and punitive damages are available for ADEA retaliation claims.  U.S. Equal Emp. Opportunity Comm'n, EEOC Directive No. 915.003, EEOC Compliance Manual (1998) (citing *Moskowitz*, 5 F.3d 279).  Number 11.18 of the 2014 Edition of the Fifth Circuit Pattern Jury Instructions, however, states that "[n]either damages nor compensatory damages for pain and suffering are recoverable under the ADEA."

Because the Fifth Circuit has not adopted the Seventh Circuit's reasoning or altered its decision in *Dean* to enlarge available damages under ADEA retaliation claims, Defendant's motion is granted.

The parties are directed to contact the Chambers of the Magistrate Judge for entry of an amended scheduling order.

**SO ORDERED**, this the 7th day of December 2015.

                                              s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE

---

[2] The remedies provisions of the ADEA and the FLSA are the same.  *Johnson v. Martin*, 473 F.3d 220, 222 (5th Cir. 2006).

[3] *See also* Carol Abdelmesseh and Deanne M. DiBlasi, *Why Punitive Damages Should Be Awarded For Retaliatory Discharge Under the Fair Labor Standards Act*, 21 Hofstra Lab. & Emp. L.J. 715, Spring 2004.